Richard J. SCHATZMAN, Plaintiff,

v.

MARTIN NEWARK DEALERSHIP, INC., Defendant.

No. CIV.A.99–731 JJF.

United States District Court, D. Delaware.

Oct. 29, 2002.

David E. Wilks, White & Williams, Wilmington, DE, for Plaintiff.

R. Stokes Nolte, Nolte, Brodoway & Saltz, P.A., Wilmington, DE, for Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is the Amended Motion For Judgment As A Matter Of Law Pursuant to Fed.R.Civ.P. 50(b) With Motion For New Trial In The Alternative (D.I.50) filed by Defendant, Martin Newark Dealership, Inc. ("Martin"). Defendant contends that Plaintiff failed to produce any evidence to establish a prima facie case of retaliatory discharge under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") or 42 U.S.C. § 1981 ("Section 1981"). Defendant argues that under these statutes, Plaintiff was required to prove that:

1. He engaged in protected activity;

2. He suffered an adverse employment action; and

3. A causal link exists between the employment action and his exercise of the protected activity. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)

Specifically, Defendant contends that Plaintiff failed to prove a causal link between his termination and his exercise of a protected activity. Defendant argues that because the individual who made the ultimate decision to terminate Plaintiff's employment, Mr. Kardon, was not involved in Plaintiff's "protected activity" Plaintiff is unable to make the requisite connection.

Plaintiff responds to Defendant's Motion by contending that the Court has previously found that Plaintiff adduced sufficient evidence, if believed by the trier of fact, to satisfy the causation requirement.

### LEGAL STANDARD OF REVIEW

Federal Rule of Civil Procedure 50(b) ("Rule 50(b)") allows a court to enter a judgment which is inconsistent with the Jury's verdict if the Court determines that the verdict was not supported by the evidence adduced at trial.

## DISCUSSION

■ The Court concludes that there was sufficient evidence, as it has previously ruled, that a reasonable jury could find Mr. Schatzman's termination resulted from his reporting an employee's racially derogatory comment to Martin's management. The evidence that the parties presented at trial to the jury provided two interpretations of a sequence of events that began with Mr. Schatzman's report of the use of the word "monkey" in a racially insensitive manner by an employee of Martin. The undisputed sequence of subsequent events progressed to where the speaker of the derogatory remark, Larry "Tex" Thompson, brought a complaint against Plaintiff which was acted upon by the general manager of the dealership, Michael Kardon. If the Jury believed, which it apparently did, that Mr. Thompson fabricated his allegations against the Plaintiff as a part of a retaliation plan and Mr. Kardon acted in furtherance of Mr. Thompson's retaliation, Mr. Schatzman could have been the victim of an illegal retaliation. Defendant had an ample opportunity to present its version and to argue it to the Jury. The question in this case is not whether there was a lack of evidence but which evidence the Jury chose to accept. The Jury chose to accept the Plaintiff's, and therefore, the Court concludes that no grounds exist upon which Defendant's Motion can be granted.

By its Motion, Defendant also seeks an alternative remedy, i.e. a new trial. An application for a new trial under Rule 50(b) is treated under the same standard as a request for new trial under Federal Rule of Civil Procedure 59 ("Rule 59"). In either instance, the motion is granted only if the verdict is contrary to the clear weight of the evidence. In this case, the Court has found on two occasions that the Plaintiff's evidence is sufficient to support a

verdict for Plaintiff, and therefore, a new trial is not warranted.

■ In addition to its Rule 50(b) application, the Defendant also contends that Plaintiff failed to establish a claim for implied covenant of good faith and fair dealing. A claim for breach of the implied covenant of good faith and fair dealing requires that a Plaintiff prove:

1. The termination violated public policy;

2. The employer made material misrepresentations;

3. The employer falsified documents to create facts for the termination.

The Plaintiff answers the Defendant's contentions by arguing that the evidence at trial established that Mr. Schatzman's termination violated public policy and that the Defendant falsified documents to create false grounds for Plaintiff's termination.

The Court has previously considered Defendant's contention that as a matter of law Plaintiff could not establish a claim for breach of the implied covenant of good faith and fair dealing. Specifically, in the Court's August 14, 2001, Opinion, the Court concluded that Plaintiff alleged facts that, if believed by a jury, were legally sufficient to meet the public policy exception to the at-will employment doctrine. The Court held that to meet this exception the Plaintiff would need to establish that:

1) The Defendant's alleged conduct implicated a public interest recognized by a legislative, administrative or judicial authority, and;

2) The employee was in a position with responsibility for advancing or sustaining that public interest.

In this case, the Plaintiff was a supervisory or managerial level employee with responsibility to insure that racial discrimination did not occur among the staff at Defendants' dealership. The Court interprets that responsibility to include reporting persons who make racially derogatory remarks to the management of the dealership. The Court concludes that the evidence presented at trial by Plaintiff was sufficient to prove the elements of the public policy exception, and therefore, as a matter of law, the Jury's verdict should not be overturned.

The Court is equally persuaded that the Plaintiff presented evidence believed by the jury that Mr. Schatzman's termination from the Defendant was fabricated by Mr. Thompson and his colleagues at Defendant's dealership. The Plaintiff offered evidence that he did not make the sexually explicit remarks alleged by Mr. Thompson and other employees, and the Jury believed his evidence thereby rejecting the grounds offered by Defendant for Mr. Schatzman's termination. For these reasons, the Court concludes that Plaintiff put forth evidence sufficient to establish an exception to the at-will doctrine under Delaware law.

### MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59(a)

■ The Defendant asserts numerous grounds why a new trial should be granted under Rule 59(a). In considering whether to grant a new trial under Rule 59(a), Courts consider whether the verdict was against the weight of the evidence, whether the verdict was excessive, or if the Court committed an error that affected the substantive rights of the Defendant or was unduly prejudicial to the Defendant.

In this case, the Defendant contends that the Court committed an error by permitting Plaintiff's economic expert, Dr. Minnehan, to testify as to Plaintiff's damages claim. The Court will deny the Motion on this ground for the same reasons the Defendant's Motion was denied at trial.

The Defendant also contends that the Court erred in failing to instruct the Jury in accordance with United States Supreme Court case of *Clark County v. Breeden*, 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). The Court has previously ruled on this contention and adheres to its previous ruling and the reasons provided for it. Therefore, to the extent Defendant's Motion is premised on an error applying the *Clark County* case, the Motion will be denied.

■ The Defendant also contends that the Court should not have permitted the Jury to consider an award for punitive damages. The Plaintiff responds that punitive damages are available for a breach of the implied covenant of good faith and fair dealing, and therefore, the Court properly allowed the Jury to consider an award of punitive damages. Defendant's contentions offered in support of this ground for a new trial are found at page 5 of Defendant's Motion. (D.I.50). Defendant sets out in paragraph form its arguments which the Court will address in the sequence presented by Defendant.

c. In light of its prior ruling on Defendant's Rule 50 motion at the end of Defendant's case, that punitive damages were not recoverable under Title VII and 42 U.S.C. § 1981, the jury should not have been instructed that it may award punitive damages on Plaintiff's state law claims because the standards for the recovery of punitive damages under state and federal law are the same.

The Court did rule that punitive damages were not recoverable by the Plaintiff on his federal claims; however, the Court agrees with the Plaintiff that under the state law a claim for punitive damages can be awarded.

d. The jury's verdict is contrary to the clear weight of the evidence.

As the Court has said previously, the Jury was presented with two very different factual presentations and chose to believe the Plaintiff's. The Plaintiff and Defendant each produced a substantial amount of evidence, and the Court concludes it was not unreasonable for the Jury to accept Plaintiff's version over that offered by Defendant.

e. The Court erred in instructing the jury that it may award punitive damages because the evidence did not demonstrate any egregious, malicious or wanton conduct on behalf of Defendant's decision making process concerning Plaintiff's termination.

■ Accepting the Plaintiff's evidence and version as reasonable and proven, the Court concludes the conduct engaged in by Defendant's, Manager and Employees demonstrates a malicious or wanton course of conduct to aggravate, harass and terminate the Plaintiff. In this regard, the Court considers Plaintiff's case to have proven:

1. Plaintiff is a witness to the expression of a racially derogatory remark made by an employee of Defendant about an employee of Defendant;

2. Plaintiff, who is in a supervisory position, reports the remark;

3. The employee making the derogatory remark is subjected to a minimal form of corrective action by Defendant while at the same time advising the Plaintiff that he will retaliate against the Plaintiff;

4. Within a short time, Plaintiff is accused of misconduct with regard to a female employee of Defendant which Plaintiff denies;

5. Plaintiff is terminated after a suspect procedure is employed to hear the grievance and determine appropriate discipline. Although the Plaintiff did not have direct testimony or other evidence that the

Plaintiff was retaliated against, Plaintiff argued that a reasonable inference from the aforementioned set of facts was that Mr. Thompson made good on his threat to Plaintiff and caused Plaintiff harm. Plaintiff submits the jury can infer that the Defendant, its employees and agents knowingly participated in the false accusation resulting in the illegal termination of Plaintiff. The jury heard the witnesses presented by Plaintiff and Defendant, and the Court concludes that it was not unreasonable for the Jury to believe Plaintiff's witnesses and inferences over Defendant's witnesses.

    f. Plaintiff failed in his burden to produce evidence of Defendant's financial position to support that Defendant could pay the punitive damages awarded by the jury.

■ The Plaintiff responds to this argument that it did not have a burden to produce this type of evidence. The Plaintiff contends that evidence of financial condition of the Defendant is only probative of the amount of punitive damages to be awarded. Neither party cites case law, and the Court agrees with Plaintiff that Defendant's financial condition is not a threshold evidentiary question required for an award of punitive damages.

    g. The jury was unfairly influenced and Defendant was unfairly prejudiced by the presence of members of the United States Marshal service that surrounded Defendant's witness, Larry Thompson, as he testified and as he exited the courtroom after the completion of his testimony.

The Defendant did not object to the presence of the Marshal Service, and the Court relies on the transcript of the proceedings leading to the appearance of Mr. Thompson at trial with regard to the presence of the United States Marshal's Service in the courtroom. Further, the Court is persuaded that the substance of Mr. Thompson's testimony is what formed any prejudice against defendant.

    h. The Plaintiff testified, over objection by Defendant, about psychological treatment with a therapist for depression and emotional distress allegedly stemming from his termination where Plaintiff failed to officer or produce any testimony from psychiatrist, psychologist, or therapist who treated Plaintiff for such condition.

The Plaintiff contends that there was a passing reference to his depression and that upon objection by defense counsel no further testimony was elicited. Further, no curative instruction was requested. On this record the Court finds a new trial is not warranted.

Defendant generally contends that the amount of the compensatory damage award and the amount of the punitive damages award were excessive necessitating either a new trial or remittitur. The Plaintiff responds by pointing out that Plaintiff earned a salary of $120,000 per year at the time of his termination, and that Plaintiff suffered non-pecuniary losses which are compensable under Title VII, Section 1981 which Plaintiff assumes where included in the Jury's verdict.

In the Third Circuit, remittitur is only allowed where the Court concludes that evidence clearly does not support the verdict and exceeds the amount needed to make the Plaintiff whole. *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1100 (3d Cir.1995). The Court concludes that there is sufficient evidence in the record, both by lay and expert testimony, to support the Jury's verdict.

### CONCLUSION

The Court concludes that Plaintiff adduced evidence to meet each element required to prove the claims upon which the jury found for the Plaintiff, and therefore,

Defendant's Motion For Judgment As A Matter Of Law Pursuant To Rule 50 will be denied. Likewise, the Court finds that the Defendant has not demonstrated that the Jury's verdict was against the weight of the evidence, excessive, or that the Court committed errors that would cause the Court to exercise its discretion and grant a new trial pursuant to Rule 59.

An appropriate order has been entered.